UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN C. SKANNAL,<br><br>        Petitioner,<br><br>    v.<br><br>GIGI MATTESON, et al.,<br><br>        Respondents. | Case No. 20-cv-08014-VC  (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Justin C. Skannal, a state inmate, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment from the Santa Clara County superior court. The court reviewed the petition and, on February 26, 2021, issued an Order Dismissing Two Claims with Leave to Amend. In the order, the court noted that two of Skannal's three claims were based on state law. The court explained that the two state-law claims had to be dismissed because, under 28 U.S.C. § 2254(a), only claims based on the violation of the Constitution or laws or treaties of the United States are cognizable. The court dismissed the two claims with leave to amend so that Skannal could file an amended complaint explaining how his claims violated federal law or the federal Constitution.

The court also noted that Skannal's claims were not exhausted in state court. The court explained that, before a federal court could consider claims in a habeas petition, the claims must have been exhausted in state court and, if Skannal wanted to stay his federal petition while he exhausted his claims in state court, he could file a motion to stay and abey his petition under *Rhines v. Weber*, 544 U.S. 269 (2005). The court also noted that Skannal might decide to dismiss his petition without prejudice, exhaust his claims in state court, and then re-file with

fully exhausted claims.

The court stated that Skannal had 28 days in which to file the amended petition, together with a motion to stay and abey and, if Skannal did not file these documents within 28 days, the court would assume he decided to have his petition dismissed without prejudice to refiling when he exhausted his federal claims.

On March 29, 2021, Skannal moved for a 30-day extension of time in which to file his amended petition and motion for a stay, which the court granted. Skannal's amended petition and motion to stay was due on May 1, 2021. That date has passed and Skannal has not submitted the required documents nor communicated with the court in any manner.

Therefore, the court assumes Skannal has decided to dismiss his petition without prejudice to refiling when he has exhausted his federal claims.

The clerk shall enter a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated: June 29, 2021

VINCE CHHABRIA
United States District Judge